USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#
DATE FILED: 5/14/13

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

~~JASON KRAKER,~~

*(In the space above enter the full name(s) of the plaintiff(s).)*

-against-

City of New York,

Detective Gregory Thorton, shield 07690

DETECTIVE DAVIS, Shield 5939

**AMENDED COMPLAINT**
under the Civil Rights Act,
42 U.S.C. § 1983

Jury Trial: ☑ Yes ☐ No
(check one)

13 Civ. 2190 (LAP)

*(In the space above enter the full name(s) of the defendant(s). If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Part I. Addresses should not be included here.)*

RECEIVED
MAY 14 2013
PRO SE OFFICE

I.  **Parties in this complaint:**

A.  List your name, identification number, and the name and address of your current place of confinement. Do the same for any additional plaintiffs named. Attach additional sheets of paper as necessary.

Plaintiff's   Name   **JASON KRAKER**
              ID#    ~~241-11-11065~~
              Current Institution _____
              Address _____

B.  List all defendants' names, positions, places of employment, and the address where each defendant may be served. Make sure that the defendant(s) listed below are identical to those contained in the above caption. Attach additional sheets of paper as necessary.

Defendant No. 1    Name   **City of New York**                              Shield # _____
                   Where Currently Employed   **Municipality**
                   Address   **100 Church Street/Corporation Counsel Office**
                             ~~New York, N.Y. 10007~~

*Rev. 01/2010*                                    1

Defendant No. 2
Name Gregory Thorton Shield # 07690
Where Currently Employed [redacted]
Address Midtown North Detective Squad

Defendant No. 3
Name DET. DAVIS Shield # 5739
Where Currently Employed 32 ND PRECINCT
Address

Defendant No. 4
Name Shield #
Where Currently Employed
Address

Defendant No. 5
Name Shield #
Where Currently Employed
Address

## II. Statement of Claim:

State as briefly as possible the facts of your case. Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach additional sheets of paper as necessary.

A. In what institution did the events giving rise to your claim(s) occur?

B. Where in the institution did the events giving rise to your claim(s) occur?

C. What date and approximate time did the events giving rise to your claim(s) occur?
MARCH 26TH, 2012

D. Facts:

**What happened to you?**

On March 26th, 2012, I was falsely arrested and accused of a crime I did not commit subsequently said CASE WAS DISMISSED FAVORABLE TO ME ON January 24th, 2013, pursuant to C.P.L. §160.50 Upon Termination of the action in favor of the accused

**Who did what?**

The N.Y.P.D. 32nd Precinct arrested and detained Plaintiff for a crime he did not commit on March 26th, 2012, upon charges that was subsequently dismissed favorable to Plaintiff on January 24th, 2013.

**Was anyone else involved?**

NO.

**Who else saw what happened?**

NOT APPROPRIATE

### III. Injuries:

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received. Illegal Search and Seizure of Plaintiff Person, unlawful imprisonment, False arrest, Lost of Liberty Freedom's, life, mental anguish and emotional distress. Pain and suffering. **Humiliation, fear, fright, unable to sleep loss of appetite, exposure to jail, prisoner's etc..,**

### IV. Exhaustion of Administrative Remedies:

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Administrative remedies are also known as grievance procedures.

A. Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

Yes ✓  No ____

## AS A FIRST CAUSE OF ACTION"FALSE ARREST"

5. The Defendant,at all times hereinafter mentioned The City of New York,owned,operated,managed,supervised an Agency by virtue of General Municipal Law,known as the New York Police Department more specifically the 32nd Precinct,in the County of New York,in the State of New York.

6. The City of New York,the defendant,is the sole,and wholely responsible entity for the negligent conduct of it's employee's officer's,agents,servants,and or other officials,whom while acting under color of state law,in the furtherence of their employment violate the civil right's of the citizen's of this State,in violation of the Constitutional provision's therein more specifically,Fourth Amendment of the United States Constitution.

7. Detective Thorton a New York City Police Officer,employed by the Defendant The City of New York,did arrest the Plaintiff,without just cause or provocation on March 26th,2012,accusing the said Plaintiff with violating the Penal Law Section's 155.35 "Grand Larceny Fourth Degree"2-Count's.Based upon Detective's Thorton Felony Accusatory Instrument, in which he clearly states he is informed by John Doe #1 a witness known to the District Attorney's Office,that informant met with Defendant on October 29th,2011,at 9:30 a.m.,in the vicinity of West 44th Street and 9th Avenue,because the defendant had reached out to informant via informant's Craiglist Ad wherein informant advertised a $1,500.00 White Orbea Road Bike for sale.Informant further states that Defendant got onto the $1,500.00 bike to test it but drove off without paying for it.

8. Detective Thorton,further states he is informed by Detective Davis shield # 5739,of the 32nd Precoinct that he is informed by John Doe #2 a witness known to the District Attorney's Office,that informant met with Defendant on November 12,2011,at 1:45 p.m. in the vincinity of 60 West 128th Street,because defendant had reached out to him via informant's Craiglist Ad wherein informant advertised a $2,300.00 Trek Fuel EX-7 bike for sale.Informant further states that defendant got onto the bike to test it but drove off without paying for the bike. See,Attached Exhibit A,page 1 of 1.

9. Detective Thorton,had not received any identification evidencing that Plaintiff herein was the bike thief.At no time does he states in his Felony Complaint that either John Doe #1 or John Doe #2 Identified me JASON KRAKER,as the man who rode off with their bike(s) without paying.

10.Detective Thorton,lacked probsable cause to arrest Plaintiff,furthermore his identifying John Doe #1 and John Doe #2 has no place herein as neither Identified Plaintiff as being the perp that stole their property.

11. Said charges where dismissed favorable to me Pursuant to C.P.L. §160.50 Terminated in favor of the accused.Sealed.on January 24th,2013.For such wrongful act's of Defendant's employee Detective Gregory Thorton,the said Plaintiff JASON KRAKER,DEMANDS JUDGEMENT IN HIS FAVOR IN THE SUM OF ONE HUNDRED THOUSAND DOLLARS and NO CENT ($100,000.00).

12. At the time of Plaintiff's arrest by Detective Thorton,Detective Thorton,had not received any identifying information which linked the Plaintiff to the alleged crime's,accused in Detective's Thorton Felony Complaint.Without such the Officer lacked Probable cause.

13. A CIVIL ACTION FOR FALSE ARREST UNDER §1983 incorporates the elements of a false arrest claim under Federal Constitutional Fourth Amendment Protection's against illegal search and seizure. False Arrest, False Imprisonment, and Fourth Amendment violation's.

14. Under New York Law, the Plaintiff must show that "1) the defendant intended to confine the Plaintiff 2) the Plaintiff was concious of the confinement, 3) the plaintiff did not consent to the confinement and 4) the confinement was not otherwise privileged, Singer v. Fulton, City Sheriff, 63 F.3d 110, 118 (2d Cir.1995).

15. Plaintiff has clearly stated a Cause of action and claim for false arrest as the defendant's employee lacked probable cause, it's no reference to any identification procedure's that would allow a reasonable minded Person to believe that a John Doe #1 and John Doe #2 had picked the Plaintiff out of a photo-array, line-up or show up, the Detective lacked probable cause for the arrest, based upon what clear that no identification procedure's where held incriminating Plaintiff therefore Detective's Thorton's Felony Complaint is pure hearsay, further is not proof of anything.

16. As to the First Casue of action Plaintiff seek's JUDGEMENT IN THE SUM ,OF ONE HUNDRED THOUSAND DOLLARS AND NO CENT ($100,000.00).

17. COMPENSATORY DAMAGES are hereby demanded against the City of New York, in the SUM OF ONE HUNDRED THOUSAND DOLLARS AND NO CENT($100,000.00).

18. PUNITIVE DAMAGES are hereby demanded against the City of New York the Defendant, in the SUM OF ONE HUNDRED THOUSAND DOLLARS AND NO CENT ($100,000.00).

19.                    AS A SECOND CAUSE OF ACTION FALSE IMPRISONMENT

The defendant, City of New York, at all times hereinafter mentioned owned, operated, managed, supervised an Agency by virtur of General Municipal Law, a Municipality, known as the New York City Police Department, more specifically the 32nd Precinct, in the County of New York, State of New York, for the City of New York was the sole and wholly responsible entity for the negligence conduct of it's employee's, officer's, agent's, servant's, Official's whom while acting under color of state law, in the furtherence of the scope of their employment, did commit the unlawful act of arresting the Plaintiff without just cause or provocation on Plaintiff's behalf. The Defendant's Employee's Detective Thorton, had not received any identification information that would allow a reasonable minded person to believe that Plaintiff was the intended Perpetrator of the alleged crime. BOYD V. City of New York, 336 F.3d 72,75 (2d Cir.2003).

20. The Plaintiff suffered severe and or harm, emotional distress and mental anguish due to conduct of the defendant's employee, whom acted out of the scope of his profession, and abused his Police and Professional Authority by arresting Plaintiff without any indication or identification incriminating Plaintiff herein therefore it is this Plaintiff's belief that upon Termination of the action favorable to the accuse, a clear cause of action exist against the Defendant for negligent conduct of it's employee arise's out of such employee's unlawful, illegal conduct which violates the Fourth Amendment of the U.S. Constitution.

21. Plaintiff hereby demands judgement in the SUM OF ONE HUNDRED THOUSAND DOLLARS AND NO CENT ($100,000.00) against the Defendant City of New York,together with cost fees,associated with process of this action.

22. COMPENSATORY Damages,are hereby demanded against the Defendant City of New York,in the SUM OF ONE HUNDRED THOUSAND DOLLARS AND NO CENT ($100,000.00).

23. PUNITIVE Damages are hereby demanded against the Defendant City of New York,in the SUM OF ONE HUNDRED THOUSAND DOLLARS AND NO CENT ($100,000.00)

24. Plaintiff was subjected to False Imprisonment upon allegation's unsubstantiated by identification or indication by alleged victim's as no identification information existed prior to the Defendant's employee arresting Plaintiff.No identification procedure's were ever conducted and therefore no victim legally alleged Plaintiff committed a crime against them because it's all hearsay as no John Doe Victim ever identified Plaintiff.

25. The Defendant City of New York,allowed a policy or custom to exist for an unreasonable amount of time,in which the Police were allowed to bring charges against any pre-trial detainee in their custody charging them with unsolved similiar crimes without just or probable cause or provocation,violating the Fourth Amendment United States Constitutional Right's.See,Pitt v.District of Columbia, 491 F.3d 494 ; Jacks v.Tavernier,316 F.3d 128(2d Cir.2003) ; Boose v. City of Rochester,421 N.Y.S.2d 740 ; Schildhaus v.City of New York, 261 N.Y.S.2d 908.

26.        <u>AS A THIRD CAUSE OF ACTION FOURTH AMENDMENT VIOLATION</u>

The Defendant,City of New York,at all times owned,operated,managed and or supervised an Agency known as the New York City Police Department,by virtue of General Municipal Law,more specifically the 32nd Precinct,in the County of New York,for the State of New York/City of New York.

27. The Defendant,City of New York,a Division of the State,at all time's was and still operates under virtue of General MUNICIPAL LAW operates a Agency known as the N.Y.P.D.,AND IS RESPONSIBLE FOR IT"s daily operation's,negligence,liabilities,etec etc,etcetera.

28. Detective Gregory Thorton,without just cause seized the Plaintiff Person without just cause or provocation or causation in violation of the Fourth Amendment Protection's of the Unted States Constitution.

29. Act's committed to infringe upon the Federally Protected Right's of Plaintiff for such conduct Plaintiff demands judgement in the SUM OF ONE HUNDRED THOUSAND DOLLARS,AND NO CENT ($100,000.00) together with cost,fees associated with process of this action.

30.COMPENSATORY DAMAGES are hereby demanded against the Defendant City of New York,in the SUM OF ONE HUNDRED THOUSAND DOLLARS AND NO CENT ($100,000.00) together with cost fees associated with process of this action.

31. PUNITIVE DAMAGES are hereby demanded against the Defendant,City of New York,in the SUM OF ONE HUNDRED THOUSAND DOLLARS AND NO CENT ($100,000.00) together with all cost associated with process of this action.

## AFFIRMATION OF SERVICE BY U.S.MAIL

STATE OF NEW YORK)

COUNTY OF BRONX  )       ss.   :         Affirmation of JASON KRAKER

   I,Mr.Jason Kraker,declare under the penalty of perjury that I am the above-mentioned Plaintiff herein this action,that I have read the foregoing Petition and know';s its content's thereof and affirm them to be true under the penalty of perjury to be true and correct as I so believes them to be upon information and belief,as I so deem true and correct.

1. That I.Mr.Jason Kraker,hereby placed a true copy the original in a pre-paid postage wrapper properly addressed to the United States District Court,Southern District of New York whose address is 500 Pearl Street,New York,N.Y.10007.

2. By depositing the said in a U.S.Mail depository box,within the

   15-15 Hazen ST  G.M.D.C

   E. ELMHURST, N.Y. 11370

to be processed U.S.Mail on this date of signature.

I declare under the penalty of perjury the foregoing is true and correct.

Dated : 5-2-13                              Jason. Kraker

                                              Plaintiff Prose

6. Is the case still pending? Yes ____ No ✓
   If NO, give the approximate date of disposition __January 24th, 2013__

7. What was the result of the case? (For example: Was the case dismissed? Was there judgment in your favor? Was the case appealed?) __Dismissed Pursuant to C.P.L. §160.50 TERMINATED FAVOR OF ACCUSED. SEALED INSTRUMENT.__

I declare under penalty of perjury that the foregoing is true and correct.

Signed this __2__ day of __May__, 20__13__.

Signature of Plaintiff __Jason. Kroker__
Inmate Number __# 241-11-11065__
Institution Address __15-15 Hazen ST__
__E. Elmhurst, N.Y. 11370__
__G.M.D.C__

Note: All plaintiffs named in the caption of the complaint must date and sign the complaint and provide their inmate numbers and addresses.

I declare under penalty of perjury that on this __2__ day of __May__, 20__13__, I am delivering this complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for the Southern District of New York.

Signature of Plaintiff: __Jason. Kroker.__

*Rev. 01/2010*                                            7

