UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
JASON KRAKER,

      Plaintiff,

  -against-

CITY OF NEW YORK, et al.

      Defendants.

------------------------------------x

MEMORANDUM DECISION
AND ORDER

13 Civ. 2190 (GBD) (GWG)

GEORGE B. DANIELS, United States District Judge:

*Pro se* Plaintiff Jason Kraker brought this action pursuant to 42 U.S.C. § 1983, alleging that he was falsely arrested on charges that were later dismissed. (Am. Compl., ECF No. 6, at 3.) Before this Court is Magistrate Judge Gabriel Gorenstein's July 10, 2017 Report and Recommendation ("Report," ECF No. 76), recommending that this action be dismissed pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute.[1] (Report at 3.) This Court adopts that recommendation.

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations" set forth within a magistrate judge's report. 28 U.S.C. § 636(b)(1)(C). The Court must review *de novo* the portions of a magistrate judge's report to which a party properly objects. *Id.* Portions of a magistrate judge's report to which no or merely perfunctory objections have been made are reviewed for clear error. *See Edwards v. Fischer*, 414 F. Supp. 2d 342, 346–47 (S.D.N.Y. 2006). Clear error is present only when "upon review of the entire record, [the court is] left with the definite and firm conviction that a mistake has been committed." *Brown v.*

---

[1] The relevant procedural and factual background is set forth in greater detail in the Report, and is incorporated herein.

*Cunningham*, No. 14-CV-3515, 2015 WL 3536615, at *4 (S.D.N.Y. June 4, 2015) (internal citations omitted).

The Report correctly found that Plaintiff's repeated failure to respond to Judge Gorenstein's orders or appear in this action weighs in favor of dismissal. Plaintiff has failed to comply with four orders of the Magistrate Judge. He has not appeared or contacted the Court. Judge Gorenstein repeatedly warned Plaintiff that failure to comply with the Court's orders would result in dismissal of this action.

Magistrate Judge Gorenstein advised the parties that failure to file timely objections to the Report would constitute a waiver of those objections on appeal. (Report at 3.) No objection to the Report has been filed. Having found no clear error, this Court adopts the Report in full.

Accordingly, this case is dismissed pursuant to Rule 41(b) for failure to prosecute. The Clerk of Court is directed to close this case.

Dated: New York, New York
   September ___, 2017

SEP 2 5 2017

SO ORDERED.

*George B. Daniels*
GEORGE B. DANIELS
United States District Judge

- 2 -

cUNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------ x
                                     :
UNITED STATES OF AMERICA             :
                                     :
                                     :
         -against-                   :      ORDER
                                     :      13-cr-159-01 (GBD)
                                     :
RAMON ESPINAL,                       :
                                     :
                Defendant.           :
                                     :
                                     :
------------------------------------ x

GEORGE B. DANIELS, United States District Judge:

On May 26, 2015 Defendant Ramon Espinal moved for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). On October 7, 2015 this Court denied Defendant's motion.

Defendant then moved to vacate his sentence pursuant to 28 U.S.C. § 2255. On December 12, 2015, this Court denied Defendant's motion. Defendant then petitioned the Second Circuit Court of Appeals for permission to file a successive § 2255 petition. On December 28, 2016, the Second Circuit denied Defendant's request to file a successive § 2255 petition, but directed this Court to determine whether Defendant should receive a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2).

For the same reasons Defendant's first motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) was denied on October 7, 2015 (ECF No. 67), it is hereby:

ORDERED that the defendant is ineligible for a reduction in sentence because Defendant's original sentence of 84 months was a below-guidelines sentence at the time, and is also below the amended guidelines range of 97 to 121 months.

Dated: New York, New York
      September 22, 2017

SO ORDERED:

*George B. Daniels*

GEORGE B. DANIELS
United States District Judge